PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| LOCAL 207 BOARD OF TRUSTEES OF THE IRONWORKERS PENSION FUND, *et al.*, | ) ) ) | CASE NO. 4:16CV27 |
| | ) | |
| Plaintiffs, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | |
| PENN-OHIO IRON WORKS, LLC, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Resolving ECF Nos. 22 & 23] |

The parties in this case have agreed to treat briefs they have styled as briefs contemplated by *Wilkins v. Batpist Healthcare Systems* as cross-motions for summary judgment based on the limited record before the court. ECF No. 28.

Having reviewed the opening brief of Plaintiffs (ECF No. 22), the reply brief of Defendants (ECF No. 23), and Plaintiffs' reply in support (ECF No. 25), the Court grants summary judgment in favor of Plaintiffs.

### I. Background

Plaintiffs Local 207 Board of Trustees of the Ironworkers Pension Fund and Local 207 Board of Trustees of the Ironworkers Annuity filed a two-count complaint against Defendants Penn-Ohio Iron Works, LLC, Christopher Bell, and Isaac Fields. ECF No. 1. Plaintiffs are responsible for collections for the Ironworkers 207 Pension Fund and Annuity Plan, both of which receive fringe benefit contributions from employers. *Id*. at PageID #: 2. Defendant Penn-

Ohio is a signatory to the collective bargaining agreement for Iron Workers Local 207.  ECF No. 1-1.  An excerpted version of the collective bargaining agreement states that "[f]ull payment of all fringe benefits and assessments shall be made within and not later than fifteen (15) days from the end of the month during which the employment occurred."  ECF No. 1-2 at PageID #: 11.

Plaintiffs allege that Penn-Ohio has failed to make fringe benefit contributions from October 2015 to the filing of the Complaint.  ECF No. 1 at PageID #: 6.

On June 18, 2015, Plaintiffs and Penn-Ohio entered into a consent judgment,[1] whereby Penn-Ohio agreed to pay Plaintiffs for unpaid fringe benefits contributions, late fees, interest, and attorney fees and costs.  ECF No. 1-3.  Additionally, Penn-Ohio gave a promissory note for $40,639.15, and both Bell and Fields signed guaranties on the note.  Id. at PageID #: 16-22. Plaintiffs allege that Defendants have failed to make the payments required pursuant to the promissory note.  ECF No. 1 at PageID #: 4-5.  Plaintiffs allege that the unpaid remaining balance on the promissory note was $41,855.55 at the time of filing, based on an unpaid balance of $36,665.55, plus liquidated damages, attorneys fees, and interest of $5,190.00.  Id. at PageID #: 6.

## II.  Standard of Review

Summary judgment is appropriately granted when the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a);

---

[1] The case was captioned *Board of Trustees of the Ironworkers Local 207 Pension Fund, et al.  v. Penn-Ohio Iron Works, LLC*, Case No. 4:15CV538 (Adams, J.).

*see also* *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party must "show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial." *Guarino v. Brookfield Twp. Trustees.*, 980 F.2d 399, 403 (6th Cir. 1992).

Once the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute. An opposing party may not simply rely on its pleadings; rather, it must "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Ky. Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). The non-moving party must, to defeat the motion, "show that there is doubt as to [whether] the material facts and that the record, taken as a whole, does not lead to a judgment for the movant." *Guarino*, 980 F.2d at 403. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party when deciding whether a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

The United States Supreme Court, in deciding *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), stated that in order for a motion for summary judgment to be granted, there must be no genuine issue of material fact. *Id.* at 248. The existence of some mere factual dispute between the parties will not defeat an otherwise properly supported motion for summary

judgment. _Scott v. Harris_, 550 U.S. 372, 380 (2007). A fact is "material" only if its resolution will affect the outcome of the lawsuit. In determining whether a factual issue is "genuine," the court must decide whether the evidence is such that reasonable jurors could find that the non-moving party is entitled to a verdict. _Id._ Summary judgment "will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." _Id._ To withstand summary judgment, the non-movant must show sufficient evidence to create a genuine issue of material fact. _Klepper v. First Am. Bank_, 916 F.2d 337, 342 (6th Cir. 1990). The existence of a mere scintilla of evidence in support of the non-moving party's position ordinarily will not be sufficient to defeat a motion for summary judgment. _Id._

### III. Discussion

Plaintiffs' claims focus on two issues: (1) payment of fringe benefits under the collective bargaining agreement; and (2) payment of money due under the promissory note. The Court will address each issue in turn.

**A. Fringe Benefits**

The payment of fringe benefits, applies only to Penn-Ohio, and not the individual Defendants.

The Sixth Circuit has held that Section 515 of ERISA, 29 U.S.C. § 1145, permits "trustees of plans to recover delinquent contributions efficaciously" by "rely[ing] upon the terms of collective bargaining agreement and plans as written." _Bakery and Confectionery Union and Industry Intern. Health Benefits and Pension Funds v. New Bakery Co. of Ohio_, 133 F.3d 955, 959 (6th Cir. 1998) (quotation and citation omitted).

Plaintiffs allege that Penn-Ohio has not paid contributions into the funds as required by the collective bargaining agreement. ECF No. 1 at PageID #: 4-5. In support of this allegation, Plaintiffs have filed various fringe benefit deduction reports and summaries. ECF Nos. 18, 19, 21, and 24. The parties admit, however, that these amounts are not accurate due to payments Penn-Ohio has made since the parties have briefed the issue. ECF No. 28 at PageID #: 334.

The summary that Plaintiffs have filed indicates the delinquent amounts that Penn-Ohio owes, as well as the amount of money it owes under the promissory note. ECF No. 24-1. The summary derives its numbers for the monthly fees from each month's invoice as to Penn-Ohio's fringe obligations. *E.g.* ECF No. 21-2.

This evidence proves sufficient to demonstrate Penn-Ohio's delinquency in making its payments.

Additionally, Plaintiff cites to *Michigan Carpenters Council Health and Welfare Fund v. C.J. Rogers, Inc.*, 933 F.2d 376 (6ᵗʰ Cir. 1991) for the proposition that the remedies included in 29 U.S.C. § 1132(g) are mandatory. Section 1132(g) remedies include collection of unpaid contributions, interest, liquidated damages, and reasonable attorney's fees and costs.

Although these remedies are mandatory, the Court cannot award them—or the amount of unpaid contributions—without an accurate assessment of the unpaid contributions.

## B. Payment of Money Due Under Promissory Note

Under Ohio law, promissory notes are treated in the same manner as contracts. *National Financial Partners Corp v. Heffern*, No. 14CV1297, 2015 WL 2169733, at *3 (May 8, 2015) (Baughman Mag. J) (citing *Cranberry Financial LLC v. S. & V Partnership*, 186 Ohio App.3d

275, 276, 927 N.E.2d 623, 624 (Ohio Ct. App. 2010).  Thus, the rule of contract interpretation that a clear and unambiguous contract can be interpreted as a matter of law applies.  *See Inland Refuse Transfer Co. v. Browning-Ferris Industries of Ohio, Inc.*, 15 Ohio St.3d 321, 322, 474 N.E.2d 271 (Ohio 1984) (citation omitted) (providing rule of contract interpretation).

The promissory note that Defendants entered into is clear and unambiguous.  Attachment I to the note establishes a payment schedule to follow.  ECF No. 1-3 at PageID #: 23-25. Likewise, the personal guaranty to the promissory note establishes that Defendants Bell and Fields are personally liable for payments Penn-Ohio fails to make.  *Id.* at PageID #: 16.

Plaintiffs' summary evidence shows that Defendants have outstanding contributions under the promissory note.  ECF No. 24-1.  Defendants do not dispute this point in their brief. Therefore, the Court holds that Defendants have failed to make payments as required under the promissory note.  As with the unpaid contributions generally, however, the parties' admission that the numbers related to unpaid contributions are not accurate precludes the Court from determining the exact amount for which Defendants are liable.

Additionally, it bears mention that Defendants are correct that nothing in the record supports "the proposition that [Bell and Fields] are liable for amounts allegedly owed to [Plaintiffs] beyond those set forth in the promissory note."  ECF No. 23 at PageID #: 309. Therefore, the liability of Bell and Fields is limited to the amount owed under the Promissory note.  Although Plaintiffs reference the consent judgment entry in the case that was before Judge Adams, that judgement does not apply to Defendants Bell and Fields, because they were not Defendants in that matter.  *See* ECF No. 1-3 at PageID #: 14-15.

(4:16CV27)

## IV.  Conclusion

The Court awards summary judgment in favor of Plaintiffs.  Defendant Penn-Ohio is liable for unpaid contributions under the collective bargaining agreement, in addition to interest, liquidated damages, and attorney's fees and costs.  Defendants Bell and Fields are liable for unpaid payments under the promissory note, as is Defendant Penn-Ohio.

The parties are required to submit a joint estimate of costs within thirty days of this order. This would cover all potential relief eligible for Plaintiffs.  If the parties cannot agree on a particular area of damages (such as attorney's fees), then the joint submission may contain separate subsections that detail each side's estimate and rationale for that estimate.

IT IS SO ORDERED.

  December 29, 2017               */s/ Benita Y. Pearson*
Date                            Benita Y. Pearson
                                United States District Judge